## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **YAMIL ALBERTO ORTIZ PAGAN,** *et al.*, <br><br>   *Plaintiffs*, <br><br> **v.** <br><br> **PLANET HOME LENDING LLC,** *et al.*, <br><br>   *Defendants*. | Civ. No. 22-01447 (MAJ) |

## <u>OPINION AND ORDER</u>

### I.  Introduction

On September 15, 2022, Yamil Alberto Ortiz Pagán and Grazielle Marie Ruiz de Porras ("Plaintiffs") filed the instant action against Planet Home Lending LLC ("Planet"), Luna Residential III LLC ("Luna"), FirstBank Puerto Rico ("FirstBank"), Experian Information Solutions Inc., and Equifax Information Services LLC ("Equifax") alleging various violations of federal law. (**ECF No. 1**). The only remaining defendant is FirstBank ("Defendant"). Plaintiffs allege Defendant violated the bankruptcy discharge order ("Discharge Order") in violation of 11 U.S.C. § 524 and request actual and punitive damages as a result. *Id.* at 26-30. Pending before the Court is Defendant's Motion for Summary Judgment (the "Motion"). (**ECF No. 83**). Also before the Court are Plaintiffs' Response (**ECF No. 94**), Defendant's Reply (**ECF No. 99**), and Plaintiffs' Sur-reply (**ECF No. 104**). For the reasons stated hereafter, Defendant's Motion is **GRANTED**.

### II.  Background

On September 22, 2016, Plaintiffs filed a voluntary petition for Chapter 7 bankruptcy before the United States Bankruptcy Court for the District of Puerto Rico

("Bankruptcy Court"). (**ECF No. 1 at 4 ¶ 12**). Defendant is a banking institution and creditor in the bankruptcy case. *Id*. ¶ 8. Plaintiffs aver Defendant received actual notice of the bankruptcy case, after which it filed its "Proof of Claim #3" in which it sought what Plaintiffs argue are two distinct claims against them; an *in personam* claim and an *in rem* claim. *Id*. at 5 ¶¶ 14-19. Plaintiffs allege Defendant did not file any proceedings to declare its *in personam* claim "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*. *Id*. ¶ 20.

On December 20, 2016, the Bankruptcy Court entered the Discharge Order which activated a discharge injunction under Section 524 of the Bankruptcy Code. *Id*. at 5 ¶¶ 21-23. Plaintiffs aver this conclusively discharged them from the Defendant's *in personam* claim (among other debts). *Id*. at 6 ¶ 22. Plaintiffs allege the Clerk of Bankruptcy Court mailed a copy of the Discharge Order to Defendant on December 22, 2016. *Id*. ¶ 23.

Upon discharge, Plaintiffs maintain Defendant was required to stop any collection efforts on its *in personam* claim against them, pursuant to 11 U.S.C. § 727. *Id*. ¶ 24. However, after the Discharge Order was issued, Plaintiffs allege Defendant continued its collection efforts by selling both its *in personam* and *in rem* claims to Luna. *Id*. ¶¶ 25, 28. Thereafter, Luna retained Planet to act as its debt collector with respect to "at least" the *in personam* claim. *Id*. at 7 ¶ 29.

Subsequently, Plaintiffs began shopping for a new home. *Id*. at 6 ¶ 26. However, on October 14, 2021, they received a call from Planet discussing the outstanding debt owed from the Bankruptcy Case. *Id*. at 7 ¶¶ 30-31. Plaintiffs informed Planet that its *in personam* claim was discharged in the Bankruptcy Case, which Planet's employee indicated she would pass along to its foreclosure department. *Id*. ¶ 32. Thereafter, on December 9, 2021, Plaintiffs were notified by their credit monitoring provider Experian,

that Planet was reporting their recently acquired *in personam* claim. *Id*. ¶ 34. As a result, both Plaintiffs credit scores dropped more than 40 points. *Id*. at 8 ¶ 35. Upon further investigation, Plaintiffs discovered the outstanding balance was over $207,000 and there was a past due balance of over $60,000. *Id*. ¶ 36. Plaintiffs filed a dispute with Experian as to the accuracy of the information. *Id*. ¶ 37. Thereafter, Equifax reported a similar reduction in credit score. *Id*. ¶¶ 38-39. Plaintiffs similarly filed a dispute with Equifax as to the accuracy of the information. *Id*. at 9 ¶¶ 41-42. Both Experian and Equifax maintained the information regarding the debt was accurate. *Id*. ¶ 43.

On February 1, 2022, Planet called Plaintiffs again to collect on the *in personam* claim which Plaintiffs again maintained had been discharged in the Bankruptcy Case. *Id*. at 10 ¶ 47. Planet called once again on March 16, 2022. *Id*. ¶ 50. Plaintiffs allege that the decrease in their credit scores disqualified them from the home they were hoping to purchase. *Id*. ¶ 51. Their credit reports still continue to report the disputed outstanding debt. *Id*. ¶ 53.

In sum, Plaintiffs contend Defendant's sale of its *in personam* claim to Luna violates the bankruptcy court's Discharge Order in contravention of § 524. *Id*. at 26-30. They maintain the sale constitutes an "outrageous disregard" to their "fresh start," which is the "basic promise of the Bankruptcy Code to an honest but unfortunate Debtor . . . ." *Id*. at 29 ¶ 155. Plaintiffs request actual and punitive damages as a result. *Id*. at 30 ¶¶ 158-160. Now comes the instant Motion.

### III.    Legal Standard

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61,

68 (1st Cir. 2021); *Blackie v. Maine,* 75 F.3d 716, 721 (1st Cir. 1996). "A genuine dispute is one that a reasonable factfinder could resolve in favor of either party." *Flood v. Bank of Am. Corp*., 780 F.3d 1, 7 (1st Cir. 2015) (citing *Gerald v. Univ. of P.R.*, 707 F.3d 7, 16 (1st Cir. 2013)). "[A] fact is 'material' if it 'has the potential of affecting the outcome of the case.'" *Taite v. Bridgewater State U., Bd. of Trustees*, 999 F.3d 86, 93 (1st Cir. 2021) (quoting *Pérez-Cordero v. Wal-Mart P.R., Inc.*, 656 F.3d 19, 25 (1st Cir. 2011)).

To win summary judgment on a particular issue, the moving party must show that "there is an absence of evidence to support" the nonmoving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). This burden is met "when the moving party demonstrates that the opposing party has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *E.E.O.C. v. Kohl's Dept. Stores, Inc.*, 774 F.3d 127, 131 (1st Cir. 2014) (internal quotations and citation omitted). In opposing a motion for summary judgment, the non-moving party "bears the burden of producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Furthermore, the Court must review the record as a whole and avoid assessing the credibility or gauging the

weight of the evidence presented. *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014).

The Court may "afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." *Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011) (quoting *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001)). "In addition, the 'absence of evidence on a critical issue weighs against the party—be it the movant or the nonmovant—who would bear the burden of proof on that issue at trial.'" *Inés María Jelú-Iravedra v. Municipality of Guaynabo*, 16-1585, 2018 U.S. Dist. LEXIS 59321, at *4-5 (D.P.R. Mar. 30, 2018) (quoting *Alamo Rodríguez v. Pfizer Pharms., Inc.*, 286 F. Supp.2d 144, 151 (D.P.R. 2003)).

The goal of "summary judgment is 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 56 (1st Cir. 2021) (quoting *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991)). In short, for either party to prevail on summary judgment, they "must demonstrate that, even admitting well-pleaded allegations in the light most favorable to [the non-moving party], the applicable law compels a judgment in its favor." *Vega-Martínez v. Hosp. San Antonio, Inc.*, 18-cv-1055, 2022 WL 4539850, at *3 (D.P.R. Sept. 28, 2022).

Summary judgment motions must also be compliant with Local Rule 56, which imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule

56(b). A party opposing a motion for summary judgment must then "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c).

### IV.    Uncontested Material Facts

The Court examined Defendant's Statement of Uncontested Facts (**ECF No. 84**); Plaintiff's Opposition to Defendant's Statement of Uncontested Facts (**ECF No. 95**); Plaintiffs' Statement of Uncontested Facts (**ECF No. 96**); and Defendant's Reply to Plaintiff's Statement of Material Facts (**ECF No. 98**). After crediting only material facts supported by accurate record citations, the Court finds the relevant undisputed facts in this case are as follows:

1.      On December 10, 2004, Plaintiffs obtained a mortgage loan from Defendant for the principal amount of $160,000 plus interest at the rate of 6.25% per annum guaranteed by the mortgage lien evidenced by First Mortgage Deed No. 906. (**ECF No. 84 at 1 ¶ 1**); (**ECF No. 95 at 1 ¶ 2**).

2.      On September 22, 2016, Plaintiffs filed a Chapter 7 bankruptcy petition in case no. 16-07570-ESL7 before the Bankruptcy Court. (**ECF No. 84 at 2 ¶ 2**); (**ECF No. 96 at 1 ¶ 1**).

3.      Defendant received actual notice of Plaintiffs' bankruptcy petition. (**ECF No. 96 at 1 ¶ 3**); (**ECF No. 98 at 1 ¶ 2**).

4.      On October 14, 2016, Defendant filed Proof of Claim #3. (**ECF No. 84 at 2 ¶ 3**); (**ECF No. 96 at 1 ¶ 3**).

5.      On October 31, 2016, Defendant filed a Motion for Relief of Stay in the Bankruptcy Case, which was granted by the Bankruptcy Court on November 21, 2016. (**ECF No. 84 at 2 ¶¶ 5-6**); (**ECF No. 95 at 2 ¶¶ 5-6**).

6.      On December 20, 2016, the Bankruptcy Court issued the Discharge Order under 11 U.S.C. § 727 which specifically states:

> This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.
>
> However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

(**ECF No. 84 at 2 ¶¶ 7-8**) (emphasis omitted); (**ECF No. 95 at 2 ¶¶ 7-8**).

7.      The Discharge Order was notified to Defendant on December 22, 2016. (**ECF No. 96 at 2 ¶ 6**); (**ECF No. 98 at 2 ¶ 6**).

8.      On February 28, 2017, Defendant filed an *in rem* action for the foreclosure of the mortgage lien before the state court. (**ECF No. 84 at 3 ¶ 10**); (**ECF No. 95 at 2 ¶ 10**).

## V.      Applicable Law

### a.  Discharge Order

"A bankruptcy discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." *In re Pratt*, 462 F.3d 14, 17 (1st Cir. 2006) (citing 11 U.S.C. § 524(a)(2)) (cleaned up). The discharge allows for a financial "fresh start" as a result of the bankruptcy

process. *In re Lopez*, 500 B.R. 322, 324 (Bankr. D.P.R. 2013) (collecting cases). "The discharge injunction is like a permanent extension of the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code and thus, includes all types of collection activity such as; letters, phone calls, threats of criminal proceedings or other adverse actions brought about with the purpose of debt repayment." *In re Laboy*, 93-bk-00753, 2010 WL 427780, at *5 (Bankr. D.P.R. Feb. 2, 2010). Bankruptcy courts may enforce the discharge injunction by using the mechanism of a civil contempt action. *Id.* "The standard for a willful violation of the discharge injunction under § 524(a)(2) is met if the defendant had knowledge of the discharge injunction and the same intended the actions which constituted the violation." *Id.* at 6. Notably, the Supreme Court of the United States recently held that a:

> Based on the traditional principles that govern civil contempt, the proper standard is an objective one. A court may hold a creditor in civil contempt for violating a discharge order where there is not a "fair ground of doubt" as to whether the creditor's conduct might be lawful under the discharge order.

*Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804, 204 L. Ed. 2d 129 (2019).

However, Section 524(a) "does not constitute a blanket prohibition against all actions undertaken by creditors after the entry of discharge." *In re López*, 500 B.R. at 327. To that end, "[a]ctions to collect against the debtor *personally* are enjoined." *Id.* (emphasis added). In contrast, "an action to enforce a lien against the encumbered *property* is an action *in rem*," which is permissible. *Id.* (emphasis added). As the United States Supreme Court in *Johnson v. Home State Bank*, aptly explained:

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any

> deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.

501 U.S. 78, 82-83, (1991); *In re Disen Colon*, 04-bk-52421, 2022 WL 1786803, at *9–10 (Bankr. M.D. Pa. June 1, 2022) (citing same). "The Supreme Court stressed that a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam* —while leaving intact another—namely, an action against the debtor *in rem*." *In re Disen Colon*, 2022 WL 1786803, at *9–10 (citations and quotations omitted) (emphasis omitted). This is in line with the exception established in Section 524(j)(1) which states: "Subsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if (1) such creditor retains a security interest in real property that is the principal residence of the debtor . . . ." 11 U.S.C. § 524(j)(1).

## VI.    Jurisdiction

While not raised by either party, the Court must address its jurisdiction over the remaining claim pending before it. The question of whether a discharged debtor has a private right of action for damages or sanctions under § 524 is a question that has divided federal courts. *Harris v. PHH Mortg. Corp.*, 13-cv-30015, 2015 WL 12953235, at *3 (D. Mass. June 23, 2015), *report and recommendation adopted in part*, 13-cv-30015, 2015 WL 12966277 (D. Mass. July 29, 2015) (citing *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000), *amended on denial of reh'g* (Dec. 15, 2000)) (collecting cases). In *Bessette*, the "First Circuit declined to decide the question on the grounds that a remedy

was readily and expressly available through another section of the Bankruptcy Code, namely, § 105(a) . . . which provides a bankruptcy court with statutory contempt powers to preserve rights provided in the Code." *Id.* (internal citations and quotations omitted). It noted that "because a discharge injunction is statutory in nature and not individually crafted by a bankruptcy judge, 'a district judge sitting in bankruptcy is similarly authorized to invoke its equitable powers under § 105 when necessary to carry out the provisions of the Bankruptcy Code.'" *Harris,* 2015 WL 12953235, at *4 (quoting *Bessette,* 230 F.3d at 446). The First Circuit thereafter remanded the case to the district court noting that the decision on whether to retain jurisdiction "rests most appropriately with the district court . . . ." *Bessette,* 230 F.3d at 446.

Since *Bessette*, district courts in this circuit have both retained and referred claims alleging violations of bankruptcy discharge injunctions. *See Lance v. PNC Bank, N.A.*, 15-cv-10250, 2015 WL 5437090, at *2 (D. Mass. Sept. 15, 2015) (denying the defendant's request to dismiss on the basis § 524 does not provide for a private right of action, citing to *Bessette's* holding that § 105 could be invoked); *Seklecki v. Carrington Mortg. Servs., LLC*, 15-cv-30007, 2015 WL 14070700, at *2 (D. Mass. Aug. 17, 2015), *report and recommendation adopted*, 15-cv-30007, 2015 WL 14070701 (D. Mass. Sept. 10, 2015) (retaining case); *U.S. Bank Tr., N.A. as Tr. for LSF11 Master Participation Tr. v. Vincent*, 20-cv-00380, 2021 WL 3161547, at *4 (D. Me. July 26, 2021) (referring the case to the bankruptcy court as the more appropriate venue); *Vil v. Poteau*, 11-cv-11622, 2013 WL 3878741, at *10 (D. Mass. July 26, 2013) (referring case); *Harris, 2*015 WL 12953235, at *3–4 (referring case). Given that the instant matter is trial ready, and absent objection from the parties, the Court will retain jurisdiction over the remaining claim.

### VII.    Analysis

As a reminder "[t]he standard for a willful violation of the discharge injunction under § 524(a)(2) is met if the defendant had knowledge of the discharge injunction and the same intended the actions which constituted the violation." *In re Laboy,* 2010 WL 427780, at *6. There is no dispute that Defendant had knowledge of the discharge injunction. (**ECF No. 96 at 2 ¶ 6**); (**ECF No. 98 at 2 ¶ 6**). The parties do dispute however, whether a violation in fact occurred, and whether Defendant intended as much if it did.

Plaintiffs aver that the sale of the promissory note—or *in personam* right—without providing the requisite notice that any attempt to collect on it was prohibited violated the Discharge Order under § 524. (**ECF No. 94 at 5-6**). Nonetheless, in moving for summary judgment, Defendant maintains that Plaintiffs' attempt to separate the promissory note—*in personam* right—from the mortgage lien—*in rem* right—"and treat each document as a distinct loan and/or claim in the Bankruptcy Case" is misleading. (**ECF No. 85 at 11-12**). It maintains these do not make up two separate claims, but instead a single claim with two *rights of enforcement*, of which the *in rem* survived the discharge. (**ECF No. 99 at 4**). Defendant clarifies that "there is absolutely no controversy regarding the fact that a promissory note represents the debtors underlying personal liability and the mortgage lien serves as its accessory guarantee." *Id.* Defendant even concedes it sold both the promissory note and mortgage deed to Luna. (**ECF No. 85 at 12**). It simply maintains that both were necessary for Luna to have standing for its newly acquired *in rem* right, and that the inclusion of the promissory note in the sale was in no way a sale of a

discharged *in personam* right. *Id*. Regardless, Defendant maintains it provided the appropriate notice. (**ECF No. 99 at 3**).

Under Puerto Rico law, "[i]t is well settled that it is an essential requirement of a mortgage that it be executed to secure the performance of a principal obligation." *Liechty v. Descartes Sauri*, 109 D.P.R. 496, 1980 JTS 22 (Mar. 21, 1980). More specifically, "the mortgage contract presupposes the existence of two legal concepts: a principal obligation and the mortgage itself, which serves as a security to the creditor. A mortgage cannot be thought of without a secured obligation." *Joglor, LLC v. First Am. Title Ins. Co.*, 261 F. Supp. 3d 224, 233 (D.P.R. 2016) (quoting *Liechty v. Descartes Sauri*, 9 P.R. Offic. Trans. 660, 109 D.P.R. 496 (P.R. 1980)) (internal quotations omitted). In the instant matter, the principal obligation underlying the mortgage is the promissory note. And as the Supreme Court stated in *Johnson v. Home State Bank*, "a bankruptcy discharge extinguishes only one mode of *enforcing a claim*—an *in personam* action—while leaving intact another— an *in rem* action." 501 U.S. at 79 (emphasis added). In light of the above, Defendant maintains its inclusion of the promissory note in the sale to Luna was merely to confer the appropriate standing to Luna to assert its newly acquired *in rem* right, and not the sale of the discharged *in personam* right as Plaintiffs allege. Defendant's Proof of Claim does not suggest otherwise; it states the claim is secured by a lien on the property and does not request any alternative relief or assert any other claim. (**ECF No. 84-1**).

In further support of this contention, Defendant attaches a sworn statement from its Bankruptcy Unit Supervisor Mr. Michael García Falconer ("Mr. García") as proof that only the *in rem* right was conveyed. (**ECF No. 84-6**). In his statement, Mr. García testifies that on August 5, 2021, Defendant entered into a loan purchase and interim

servicing agreement with Luna in which it sold Plaintiffs' mortgage lien to Luna. *Id.* at 1 ¶ 2. Defendant avers the loans were transferred via an electronic platform known as the Lender Processing System ("LPS") that both Luna and Defendant, as lenders, have. (**ECF No. 84 at 3 ¶ 12**). The sworn statement goes on to state that through the electronic platform used by both Defendant and Luna for purposes of the sale,

> Luna obtained information pertaining to Plaintiffs' mortgage loan, including but no[t] limited to: (1) the fact that Plaintiffs had filed Bankruptcy Case No. 16-07570-ESL7; (2) the fact that a Discharge Order was issued on December 20, 2016, in said case; and (3) the fact that, on February 28, 2017, FirstBank filed an *In rem* action for the foreclosure of the mortgage lien against Plaintiffs' property in Case No. KCD2017-0354.[1]

(**ECF No. 84-6 at 1 ¶ 3**). Thereafter, Mr. García testifies that "Luna requested the corresponding substitution of parties in order to figure as the plaintiff in Case No. KCD2017-0354." *Id.* ¶ 4. Plaintiffs dispute these facts because a copy of the agreement is yet to be provided. (**ECF No. 95 at 3**). Yet, a closer look at Defendant's complaint filed before the Commonwealth of Puerto Rico ("Commonwealth") further corroborates this testimony.

There, Defendant filed its *in rem* foreclosure action on February 27, 2017. (**ECF No. 84-5**). The complaint caption notably states "ACTION *IN REM*; ORDINARY MORTGAGE FORECLOSURE." *Id.* at 1. There is no other cause of action. In its prayer for relief, Defendant asks the Commonwealth to declare various amounts of money are owed to it through the promissory note and to *enforce* said debt owing by way of a *foreclosure and sale in public auction of the real property* secured by the mortgage for the amount

---

[1] Plaintiffs argue this statement is self-serving hearsay "because how can [Defendant] possibly testify as to what it believes Luna learned from the electronic platform." (**ECF No. 94 at 19 n. 8**). As will be further outlined below, because the Court finds that the more stringent notice requirement was not necessary in the instant matter, this contention need not be addressed. The statement is only referenced to the extent it reveals what was conveyed to Luna, not what Luna understood.

needed to satisfy said debt. *Id*. at 5. It does not request a collection of money personally from the Plaintiffs.

The Court finds the Bankruptcy Court of Puerto Rico's holding in *In re López* helpful. 500 B.R. 322, 327 (Bankr. D.P.R. 2013). There, the debtor brought an adversary proceeding against a secured creditor to recover for alleged violations of a discharge order. *Id*. The debtor alleged the creditor filed a collection of money and foreclosure action against them before the local court after the entry of a discharge order. *Id*. at 326. In reviewing the complaint before the Commonwealth, the Bankruptcy Court for the District of Puerto Rico agreed. *Id*. at 324. It found that because the creditor's complaint before the Commonwealth sought *two* legal remedies against the debtors, namely: "1) *a collection of money* and 2) foreclosure of mortgage," the creditor violated the discharge order. *Id*. (emphasis added). In other words, because the creditor did not limit its complaint to foreclose on the property, but also *demanded payment from the debtors*, the creditor violated § 524. *Id*. at 327.

This is clearly distinguishable from the facts before this Court. Defendant's complaint before the Commonwealth does not assert any right against Plaintiffs personally, and instead exclusively asserts its *in rem* right. Based on this fact, Mr. García's testimony, and the Proof of Claim itself, it is clear and uncontested that Defendant was only asserting its *in rem* right, which was thereafter sold to Luna. As the Supreme Court in *Johnson v. Home State Bank* held, "a bankruptcy discharge extinguishes only one mode of *enforcing a claim*—an *in personam* action—while leaving intact another—an *in rem* action." 501 U.S. at 79 (emphasis added). There is thus, no genuine dispute of fact that Defendant sold only its *in rem* right to Luna.

Plaintiff maintains regardless of whether the promissory note was necessary to confer standing to Luna in the *in rem* action or not, the requisite notice needed to be provided of its discharged status. (**ECF No. 104 at 2**). In so arguing, Plaintiffs cite to the holding in *In re Rojas.* 98-bk-6078, 2009 WL 3055430 (Bankr. D.P.R. Sept. 17, 2009).

There, the Bankruptcy Court of Puerto Rico departed from the view of other districts that the sale of a discharged debt "is a deliberate act to collect on a discharged debt, and thus constitute[s] a willful violation of the discharge injunction." *In re Lafferty*, 229 B.R. 707, 714 (Bankr. N.D. Ohio 1998); *see also In re Walker*, 180 B.R. 834, 844 (Bankr. W.D. La. 1995). Instead, the court noted that it could "envision reasons, other than collection, for selling discharged debts, such as for use as a tax credit." *In re Rojas*, 2009 WL 3055430, at *3. In so doing, it cited to *Finnie v. First Union Nat. Bank*, which held that "while a creditor is prohibited from utilizing a collection agency to recover a discharged debt on its behalf, there is no prohibition on the creditor selling the discharged debt, presumably at a greatly discounted rate, to a third party." *Id.* at 2 (quoting *Finnie v. First Union Nat. Bank*, 275 B.R. 746 (E.D. Va. 2002)). However, the *In re Rojas* court noted that this would not remedy the issue of a seller "selling debts with full knowledge that the buyer would attempt to collect on the debts and by failing to indicate to the purchaser that the debts were discharged." *Id.* at 3 (citing *In re Birakoye Nassoko*, 405 B.R. 515 (Bankr.S.D.N.Y.2009)).  Accordingly, it held the sale of discharged debts was not unlawful per se, but subject to a certain requirement, that being notice. *Id.*

More specifically, given the facts before it, the *In re Rojas* court noted that the complaint alleged "that upon information and belief, [the defendant] informed [the purchaser] that all actions or proceedings to enforce any discharged debt or to levy on

[the] plaintiff's property, subsequent to the entry of the discharge order, were prohibited and foreclosed by law." 2009 WL 3055430, at 3. Because the defendant specifically informed the purchaser of the aforementioned information, the *In re Rojas* court held that the complaint failed "to set forth factual allegations respecting each material element necessary to sustain recovery for violation of the discharge injunction, namely that [the defendant] intended the actions which constituted the violation and that it acted in a way that improperly coerced or harassed [the plaintiff]." *Id.* In other words, because the defendant undertook specific conduct to prevent a violation of the discharge order in notifying the purchaser of the status of the debt, it would not be held liable for a subsequent violation by the purchaser. *Id.* The Bankruptcy Court of Puerto Rico later confirmed this distinction in *In re Laboy*, where the court noted that the defendant before it did not specifically inform the purchaser that all actions or proceedings to enforce the discharged debt were prohibited by law, and was thus, liable. 2010 WL 427780, at *6 n. 2.

Defendant argues, and the Court agrees, that these cases are distinguishable from the instant matter because the claims in *In re Rojas* and *In re Laboy* were unsecured personal loans that indisputably were discharged and required notice. That is not what is before this Court, as neither party disputes that Defendant had a valid *in rem* right that could lawfully be assigned.[2] It is the inclusion of the promissory note in the sale that the parties disagree over the implications of. However, Mr. García's testimony demonstrates that Defendant at the very least provided notice that the Discharge Order was in place, and Plaintiff cites to no case law which compels this Court find that a more specific

---

[2]     Plaintiff states "[i]f all [Defendant] had done was continue with its In Rem action, this case would not have been filed and the Parties would not be at bar." (**ECF No. 94 at 5**).

indication was required given the facts of this case. Nor do the facts of this case warrant the Court holding as much given that only the *in rem* right was asserted in the foreclosure action.

## VIII.  Conclusion

Accordingly, based on the above, the Court does not find that Defendant violated the discharge injunction such that a finding of civil contempt is warranted in the instant matter. It is clear from the evidence presented that it only sold its *in rem* right to Luna. There are thus no genuine issues of material fact warranting this case be sent to trial, and Defendant's Motion for Summary Judgment is **GRANTED**. (**ECF No. 83**). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of June, 2024.

**/s/ María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**